# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT and JUDY TREML,
Individually and on behalf of
children Kaitlyn Treml,
Emily Treml, and Samantha Treml,

                Plaintiffs,                Case No. 04-C-628

    v.

GLEN STAHL,
d/b/a STAHL FARMS,

                Defendant,

RURAL MUTUAL INSURANCE COMPANY,

                Intervenor Defendant.

## ORDER ON ENFORCEMENT OF SUBPOENA

On May 19, 2005, the plaintiff directed service of a subpoena on the Dennis Thiry Trust and Dennis Thiry ("Thiry") and Leonard Wachal ("Wachal"). The subpoena authorized inspection of certain property located on Church Road in the town of Luxemburg, Wisconsin (herein after "the Church Road property"). Inspection was to occur on May 25, 2005 at 8:00 a.m.. No objection to the subpoena was filed by the Dennis Thiry Trust prior to that time. The defendant Glen Stahl filed an objection, but the plaintiff and defendant resolved the objection prior to May 25, 2005. Upon the plaintiffs' arrival at the property, Thiry and Wachal expressed concerns that the inspection, which consisted of approximately twenty-five soil borings to test the bedrock depth, might damage their property. Of particular concern were the possibilities that the borings might be inadequately refilled,

cause further contamination, and trigger sink holes. Based on these concerns, Thiry and Wachal initially objected to entry on the property to conduct the inspection.

A telephone conference with the court was immediately conducted to address enforcement of the subpoena. Wachal appeared on behalf of the Dennis Thiry Trust, Attorney Andrew C. Hanson appeared on behalf of the plaintiffs, and Attorney Michael A. Hughes appeared on behalf of the defendant. Also present were Dennis Thiry and a Sheriff's Deputy called to oversee the inspection. For reasons agreed to by all parties and stated in more detail during the May 25, 2005, telephone conference, the court now enters the following order:

1. The subpoena shall be enforced.

2. No bond of any amount shall be required as a prerequisite to the plaintiffs' inspection of the Church Road property.

3. The court shall retain continuing jurisdiction to entertain any claim by the Dennis Thiry Trust for damages to the Church Road property caused by the plaintiffs' inspection, provided that the claim is filed with the court no later than **March 1, 2006.**

4. In pursuing a claim for damages against the plaintiffs, the Dennis Thiry Trust bears the burden of proof, and prior to filing such a claim, the Trust and the plaintiffs shall attempt in good faith to resolve the matter before seeking court relief.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this <u>25th</u> day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge