IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SCOTT and JUDY TREML, individually
and on behalf of their children, KAITLYN
TREML, EMILY TREML, and SAMANTHA
TREML,

        Plaintiffs,

    v.

GLEN STAHL,
d/b/a STAHL FARMS,

        Defendant.

and

RURAL MUTUAL INSURANCE COMPANY,

        Intervening Defendant.

Civil Action
File No. 04-C-628

_____

CONSENT DECREE, SETTLEMENT AGREEMENT, RELEASE and ORDER
_____

WHEREAS, after providing proper notice to the Defendant Glen Stahl, d.b.a. Stahl Farms ("Stahl") and all requisite entities pursuant to 33 U.S.C. § 1365(b) and 40 C.F.R. § 135.2, Plaintiffs Scott and Judy Treml, individually and on behalf of their children Kaitlyn Treml, Emily Treml and Samantha Treml ("Treml"), commenced an action against Glen Stahl d/b/a Stahl Farms ("Stahl") in the United States District Court for the Eastern District of Wisconsin, titled *Treml v. Stahl*, Case No. 04-C-628 ("the Federal Lawsuit") under the citizen suit provision of the Federal Water Pollution Control Act (commonly known as and hereinafter referred to as the "Clean Water Act" or "CWA"), 33 U.S.C. §§ 1251 *et seq*, alleging that Stahl violated Wisconsin Pollutant Discharge Elimination System ("WPDES") Permit WI-0062332-01-0 ("Permit") and

1

under the citizen suit provision, 42 U.S.C. § 6972(a)(1)(A), of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq*. for violation of the statutory prohibition against operating an open dump;

WHEREAS, the Tremls also commenced common law causes of action of nuisance, negligence, and trespass against Stahl for Stahl's alleged contamination of the Tremls' groundwater supply and personal injuries caused thereby and for Stahl's alleged damage to the Tremls' riparian property rights along School Creek which borders the Tremls' real property;

WHEREAS, the Tremls statutory and common law causes of action against Stahl are hereinafter collectively referred to as the "Federal Lawsuit";

WHEREAS, the Tremls have commenced the Federal Lawsuit seeking declaratory judgment, injunctive relief, damages, the imposition of civil penalties and the award of costs, including attorneys' fees;

WHEREAS, Stahl tendered defense of the Federal Lawsuit to Rural Mutual Insurance Company ("Rural Mutual") for defense and indemnity under Farmowners Policy No. FRM0061240 (the "Policy");

WHEREAS, Stahl and Rural Mutual disagree as to Rural Mutual's obligations, if any, with respect to defense and indemnity under the Policy;

WHEREAS, Rural Mutual agreed to provide a defense to Stahl under a reservation of rights and intervened in the Federal Lawsuit as an additional defendant;

WHEREAS, the State of Wisconsin initiated a lawsuit against Stahl for violations of the Permit and other statutory causes of action on September 28, 2004 in Kewaunee County Circuit Court, Kewaunee County, Wisconsin, No. 04-CV-121 (hereinafter "State Lawsuit"), seeking civil forfeitures and injunctive relief;

WHEREAS, after intervention by the Tremls as plaintiffs in the State Lawsuit, the State, Tremls, and Stahl have settled all claims with respect to Stahl's alleged violations of the CWA and the Permit alleged in the State Lawsuit;

WHEREAS, the Stipulation and Order, representing the settlement of the State Lawsuit is attached as Exhibit A to this Consent Decree;

WHEREAS, Stahl denies any and all liability under the CWA, RCRA, nuisance, negligence, and trespass, and any state, regional or local law;

WHEREAS, Tremls, Stahl and Rural Mutual (the "Parties") wish to settle all disputes among them regarding the Federal Lawsuit, including all insurance coverage disputes between Stahl and Rural Mutual, pursuant to the terms of this Consent Decree, Settlement Agreement and Release ("Consent Decree");

WHEREAS, the Parties, by their authorized representatives and without trial or final adjudication of the issues of fact or law, consent to the entry of this Consent Decree with respect to the Tremls' statutory and common law claims and with respect to the coverage dispute between Stahl and Rural Mutual;

WHEREAS, the Court, by entering the Consent Decree, finds that this Consent Decree as it relates to the CWA and RCRA statutory claims has been negotiated by the Parties in good faith and it is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, and without the adjudication of issues of fact or law, and without admission by Stahl or Rural Mutual of the non-jurisdictional allegations in the Complaint (and any amendments thereto), IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction over this action pursuant to 33 U.S.C. § 1365(a) (Clean Water Act's citizen suit provision), 42 U.S.C. § 6972(a) (RCRA's citizen suit provision), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. **Venue.** Venue is appropriate in this judicial district and in this court pursuant to 33 U.S.C. § 1365(c) and 42 U.S.C. § 6972(a) in that the alleged violations of the effluent limitations and WPDES permit conditions and the alleged violations of RCRA giving rise to the claims in this suit occurred in the Eastern District of Wisconsin. For purposes of this Consent Decree, Stahl agrees not to contest the jurisdiction of the Court to enter and to enforce this Consent Decree as it relates exclusively to the CWA and RCRA claims.

3. **Consent to Jurisdiction and Venue.** For purposes of this Consent Decree as it relates exclusively to the CWA and RCRA claims, Stahl further consents to the Court's jurisdiction over Stahl and consents to venue in this judicial district.

## II. OBJECTIVES

4. **Settlement of all CWA and RCRA Claims.** Tremls and Stahl have settled all CWA and RCRA claims alleged in the Federal Lawsuit by agreeing to settlement terms in the State Lawsuit. The Stipulation and Order in the State Lawsuit is attached as Exhibit A to this Consent Decree. The Tremls agree to voluntarily dismiss all CWA and RCRA Claims alleged the Federal Lawsuit.

5. **Settlement Payment for Common Law Claims.** In consideration of the releases, promises and other agreements set forth herein, Rural Mutual, on its own behalf and on behalf of the Stahl, will pay the total sum of $80,000, in the form of a draft payable to Scott and Judy Treml, E758 Church Road, Luxemburg, Wisconsin, 54217, with a copy of same to Midwest

4

Environmental Advocates, Inc., 702 E. Johnson Street, Madison, WI 53703, within fourteen (14) days after entry of the Consent Decree by this Court. Of this amount, the sum of $ 2,000 shall be allocated to each of the minor children, Kaitlyn Treml, Emily Treml and Samantha Treml, for the release of their claims as alleged in the Federal Lawsuit as compensation for their non-economic damages. The remainder shall be allocated to Scott and Judy Treml.

6. *Pierringer* Release by Tremls. In consideration of the promises set forth in this Consent Decree and other good and valuable consideration, and consistent with *Pierringer v. Hoger*, Tremls settle, release, waive, relinquish and discharge all claims, demands, actions, causes of action or suits in law or in equity, of whatsoever kind or nature, which were or could have been asserted in the State Lawsuit and Federal Lawsuit by any of them against Stahl, his employees, contractors, agents, representatives, family members and insurers, including Rural Mutual (collectively "Released Parties"), whether known or unknown, developed or undeveloped, asserted or unasserted, anticipated or unanticipated, expected or unexpected, resulting from or in any way relating in any way to the claims that were raised or could have been raised in the State or Federal Lawsuit, including, but not limited to claims of negligence, nuisance, statutory violations, permit violations, and claims under the Wisconsin direct action statute. This release specifically includes any claim for costs and attorney fees under the Clean Water Act or the Resource Conservation and Recovery Act. This Consent Decree is intended to release the Released Parties to the full extent of the total portion or percentage of liability allocated them at any trial or other disposition of any legal action related to the matters alleged in the State Lawsuit or Federal Lawsuit, irrespective of whether the amount agreed to in settlement herein is less than the total of the Released Parties' allocated portion or percentage of total liabilities. As a further consideration, Tremls agree to defend and indemnify the Released

Parties for any matters released herein and save them harmless from any claims for contribution made by others adjudged jointly liable with the Released Parties for matters released herein and further agree to satisfy any judgment which may be rendered in their favor, satisfying such fraction, portion, or percentage of the judgment as the causal negligence of the Released Parties, are adjudged to be all causal negligence of all adjudged tort-feasors. This release by Tremls does not settle, release, waive or relinquish any claims, demands, actions, causes of action, or other suits in law or in equity against entities outside the scope of this Consent Decree. In addition, this release as expressed in this paragraph shall not apply to any obligations or responsibilities of Stahl set forth in the Stipulation and Order entered in the State Lawsuit.

7. Subrogated or Derivative Claims. Tremls hereby represent and warrant that they are not aware of persons or entities with a claim against any Released Party that is derivative of the injuries alleged in the Federal Lawsuit or which relates to payment of medical expenses for injuries alleged in the Federal Lawsuit. If any person or entity asserts such a claim against any Released Party, Tremls agree to indemnify and hold the Released Parties harmless.

8. Mutual Release Between Stahl and Rural Mutual. In consideration of the payments and other promises provided herein, Stahl and Rural Mutual hereby mutually and fully release and discharge each other and their officers, directors, employees, contractors, agents, representatives, family members, insurers, parent corporations, subsidiary corporations, heirs, successors and assigns from any and all claims, demands, liabilities or causes of action, known or unknown, developed or undeveloped, asserted or unasserted, anticipated or unanticipated, expected or unexpected, in any way arising out of the State Lawsuit or Federal Lawsuit or any of the matters alleged or that could have been alleged in the Lawsuits. This Consent Decree expressly includes, but is not limited to, a release by Stahl of Rural Mutual and any reinsurers,

administrators and representatives for all claims that were brought or could have been brought by Stahl against Rural Mutual arising out of the State Lawsuit and Federal Lawsuit, including, without limitation, all claims that were or could have been made under Wis. Stat. § 803.04(2)(a) and/or Wis. Stat. § 632.24, including, without limitation, all claims for coverage, duty to defend and/or breach of the duty to defend, cost to invoke coverage, and/or bad faith or other extracontractual recovery.

9. No Admission. This Consent Decree represents a compromise settlement of disputed claims in order to avoid the costs and uncertainties of further litigation. By entering into this Consent Decree, the Parties do not admit any liability or coverage whatsoever and nothing contained in this Consent Decree shall be construed as any such admission. This Consent Decree shall not be admissible in any litigation or proceeding, except to afford the Parties the rights and protections of the Consent Decree. This Consent Decree creates no rights, remedies or causes of action for any person or entity other than the Parties and other persons or entities included within the scope of the release.

10. Authority to Execute. Each of the undersigned represents that he/she is authorized to sign on behalf of the party or parties designated.

11. Cooperation. The Parties agree to cooperate with each other to request and obtain any necessary approval of this settlement pursuant to Wis. Stat. § 807.10, or other applicable law, and to cooperate with any preliminary steps needed to request such approval, including the appointment of a general guardian or guardian ad litem, if necessary, as expeditiously as possible.

12. Counterpart Signatures. This Consent Decree may be signed in counterparts.

13. Consent Decree is Contractual. The terms of this Consent Decree are contractual and not mere recitals. This Consent Decree contains the entire agreement between the Parties and is intended to be, and shall be construed as a full, exclusive, complete and final agreement between the Parties. There are no oral conditions, representations or warranties with respect thereto.

14. Advice of Counsel. Each of the undersigned parties has carefully read the foregoing Consent Decree and knows the contents thereof and signs the Consent Decree as a free act. Each of the undersigned parties has been represented by counsel in connection with the terms, conditions and executions of this Consent Decree.

15. Governing Law. This Consent Decree shall be construed and governed by the laws of the State of Wisconsin.

16. Dismissal of Federal Lawsuit. Subject to the obligations set forth herein, which represent the judgment and order of this court, this entire action is dismissed, with prejudice, and without further costs or attorney fees.

s/ Scott J. Treml                                   Dated:        11-14-05
_____                 _____
SCOTT TREML, Individually and on behalf
of his children Kaitlyn Treml, Emily
Treml and Samantha Treml


s/ Judy L. Treml                                    Dated:        11-14-05
_____                 _____
JUDY TREML, Individually and on behalf
of her children Kaitlyn Treml, Emily
Treml and Samantha Treml

| s/ Glen J. Stahl | Dated: 11-14-05 |

GLEN J. STAHL

RURAL MUTUAL INSURANCE COMPANY

| s/ Robert J. Hallowell | Dated: 11-14-05 |

BY: ROBERT J. HALLOWELL

| s/ Andrew C. Hanson | Dated: 11-14-05 |

_____
Melissa Scanlan (WI Bar # 1034783 )
Andrew Hanson (WI Bar #  1038367)
Midwest Environmental Advocates, Inc.
702 East Johnson Street
Madison, Wisconsin  53703
Tel: (608) 251-5047
Fax: (608) 268-0205
ahanson@midwestadvocates.org

Jodi Habush Sinykin (WI Bar #1022100)
Of Counsel, Midwest Environmental Advocates, Inc.
5630 N. Lake Drive
Milwaukee, WI  53217
Tel: (414) 961-8944
Fax: (414) 961-9539
hslaw@bizwi.rr.com

| s/ Steven P. Means | Dated: 11-14-05 |

_____
Steven P. Means (Wis. Bar No. 1011355)
Michael A. Hughes (Wis. Bar No. 1047206)
One South Pinckney Street, Suite 700
Madison, WI 53701-1806
Telephone: (608) 257-3501

Attorneys for Defendant Glen Stahl

s/ Karen L. Riemer                                              Dated:          11-14-05

Karen L. Riemer (Wis Bar No. 1027609)
Mark W. Andrews (Wis. Bar No. 01007998)
22 East Mifflin Street, Suite 702
PO Box 2626
Madison, WI 53701-2626
Tel. (608) 257-0257
Fax. (608) 257-0078

Attorneys for Intervening Defendant.


APPROVED and ENTERED as an Order of the Court.

Dated this 25th day of January, 2006.


                                                  s/AARON E. GOODSTEIN

                                                  U.S. MAGISTRATE JUDGE